IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No: 3:26-cv-34-RAH-SMD |
| | ) | |
| REGIONAL FINANCE CORPORATION | ) | |
| OF ALABAMA, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

On December 19, 2025, pro se Plaintiff David Powell ("Powell") filed a complaint against Defendant Regional Finance Corporation of Alabama[1] ("Regional") in the Small Claims Court of Randolph County, Alabama, asserting a claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") and a breach of contract claim. Compl. (Doc. 1-2) pp. 3-5. On January 12, 2026, Regional filed an answer in state court denying liability and asserting a breach of contract counterclaim for $8,240.98. Answer (Doc. 1-2) pp. 18-20. On January 15, 2026, Regional removed the action to this Court based on federal question jurisdiction. Not. Removal (Doc. 1). Regional now moves to dismiss Powell's complaint. Mot. (Doc. 5). As explained below, the undersigned recommends that Regional's Motion to Dismiss be granted to the extent it seeks to dismiss

---

[1] Powell's complaint names "Regional Finance" as the defendant. Compl. (Doc. 1-2) p. 3. Defendant represents, and Powell does not dispute, that the proper legal entity is "Regional Finance Corporation of Alabama." Not. Removal (Doc. 1) p. 1; Pl.'s Resp. (Doc. 9) p. 1-2. Thus, the Clerk of Court is DIRECTED to update the case caption to reflect the proper legal entity.

Powell's FDCPA claim. As to Powell's remaining breach of contract claim and Regional's breach of contract counterclaim, the undersigned recommends that the Court decline to exercise supplemental jurisdiction and remand this case to the Small Claims Court of Randolph County.

## I.  FACTUAL ALLEGATIONS

Powell asserts that Regional "capriously [sic] arbitarilly [sic] violated [the FDCPA] with numerous phone calls and voicemails exceeding the limits [of the FDCPA]." Compl. (Doc. 1-2) p. 4. Powell alleges that Regional is "in the business of loaning money and should of [sic] known there [sic] responsibility under [the FDCPA] but ignored the law that protects the Plaintiff." *Id.* Powell further asserts that Regional refused to restore his previous lower payment amount. *Id.* at 5. Powell alleges that Regional knew that Powell is on a railroad disability pension causing him undue hardship. *Id.* Powell attaches to his complaint screenshots from Google's artificial intelligence overview feature seemingly summarizing potential violations and remedies under the FDCPA. Compl. (Doc. 1-2) pp. 6-7.

## II.  JURISDICTION

Powell's FDCPA claim presents a federal question and thus affords this Court with subject matter jurisdiction. *See* 28 U.S.C. § 1331. The Court may exercise supplemental jurisdiction over the related state law breach of contract claim and counter claim. 28 U.S.C. § 1367. The Court may decline to exercise supplemental jurisdiction when it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c).

## III.   LEGAL STANDARDS

### A. Pro Se Litigants

Federal courts must "show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (italics removed). A document filed pro se is "to be liberally construed," and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations omitted). Despite this leniency, however, a pro se plaintiff must still comply with the threshold requirements of the Federal Rules of Civil Procedure. *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005). Importantly, a district court does not have license to rewrite a deficient pleading or serve as de facto counsel for a pro se litigant. *Alford v. Consol. Gov't of Columbus, Ga.*, 438 F. App'x 837, 839 (11th Cir. 2011).

### B. Federal Rule of Civil Procedure 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain factual allegations sufficient "to raise a right to relief beyond the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To determine whether a plaintiff has stated a claim, the court should first "eliminate any allegations in the complaint that are merely legal conclusions" and then determine whether the well-pleaded factual allegations of the complaint—assuming their veracity—"plausibly give

3

rise to an entitlement to relief." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

## IV.   ANALYSIS

Regional moves to dismiss Powell's complaint in its entirety. Mot. (Doc. 5). As to Powell's FDCPA claim, Regional argues that Powell has not and cannot allege that Regional is a "debt collector" subject to the FDCPA. *Id.* at 3. As to Powell's breach of contract claim, Regional argues that Powell fails to sufficiently plead a breach of contract claim, and, in any event, Powell pleads himself out of court. *Id.* at 4. As explained below, Regional's Motion to Dismiss should be granted to the extent it seeks to dismiss Powell's FDCPA claim. Further, this Court should decline to exercise supplemental jurisdiction over the remaining state-law claims and remand this case to the Small Claims Court of Randolph County.

### A. Regional's Motion to Dismiss Powell's FDCPA Claim Should Be Granted Because Regional is Not Subject to the FDCPA.

"To state a plausible claim under the FDCPA, a complaint must allege (1) that the defendant is a 'debt collector' and (2) that the challenged conduct is related to debt collection." *Alhassid v. Nationstar Mortgage LLC*, 771 F. App'x 965, 968 (11th Cir. 2019) (internal citations omitted). The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or mails in any business the principal purpose

of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The FDCPA expressly excludes "any officer or employee of a creditor, while, in the name of the creditor, collecting debts for such creditor" from the term "debt collector." 15 U.S.C. § 1692a(6)(A). The FDCPA applies to third party debt collectors; it does not apply to creditors who seek to collect only what is owed to them. *Davis v. Bank of Am.*, 2013 WL 5671049, at *6 (M.D. Ala. Oct. 17, 2013).

Powell alleges no facts to suggest that Regional meets the FDCPA's definition of "debt collector" and is thus subject to the Act. To the contrary, Powell asserts that Regional is "in the business of loaning money." Compl. (Doc. 1-2) p. 4. In its motion to dismiss, Regional asserts that it is not a debt collector as defined by the FDCPA and that collection attempts complained of by Powell were "Regional's efforts to collect the unpaid balance owed on its own loan that [Powell] obtained directly from Regional." Mot. (Doc. 5) p. 4. Powell does not dispute these assertions. Pl.'s Resp. (Doc. 12). Instead, Powell confirms that the debt at issue is owed to Regional and originates from a loan agreement made between Powell and Regional. *Id.* at 1 ("Plaintiff entered into a loan agreement with the Defendant in good faith."). Therefore, because Powell's complaint fails to allege any facts showing that Regional is a debt collector, his FDCPA claim must be dismissed. *See Kurtzman v. Nationstar Mortg. LLC*, 709 F. App'x 655, 659 (11th Cir. 2017).

**B. The Court Should Decline to Exercise Supplemental Jurisdiction Over the Remaining State-Law Claims.**

Under 28 U.S.C. § 1367(c)(3), this Court may decline to exercise its supplemental jurisdiction over the remaining state-law claims after dismissing all claims over which it has original jurisdiction. A federal court deciding whether to exercise supplemental jurisdiction should consider "concerns of comity, judicial economy, convenience, fairness, and the like." *May v. Boyd Bros. Transp. Inc.*, 241 F. App'x 646, 647 (11th Cir. 2007) (internal quotations omitted).

Here, principles of economy, convenience, and fairness suggest that the Court should decline to exercise supplemental jurisdiction over Powell's remaining claim and Regional's counter claim. The claims are purely state-law breach of contract claims that are governed by Alabama law. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 728 (1966) ("Needless decisions of state law should be avoided as both a matter of comity and to promote justice between the parties, by procuring them for a surer-footed reading of applicable law.") Additionally, this action is in the early stages of litigation, as the parties have yet to engage in discovery. *Id.* (dismissal of state law claims strongly encouraged when federal claims are dismissed prior to trial). For these reasons, the Court should decline to exercise supplemental jurisdiction over the remaining state-law breach of contract claim and counter claim and should remand this case to the Small Claims Court of Randolph County.

**V.    CONCLUSION**

For these reasons, the undersigned Chief United States Magistrate Judge

6

RECOMMENDS that Regional's Motion to Dismiss (Doc. 5) be GRANTED to the extent that it seeks to dismiss Powell's FDCPA claim. The undersigned further

RECOMMENDS that this Court remand the remaining state-law breach of contract claim and counter claim to the Small Claims Court of Randolph County. It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before March 24, 2026**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 10th day of March, 2026.

_____
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE

7